**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PJM-14-0362** |
| | * | |
| **SILVIU ZISCOVICI** | * | |
| a/k/a "Dr. Z" | * | |
| | * | |
| | * | |
| | ******* | |

**MOTION TO EXCLUDE TIME**
**PURSUANT TO 18 U.S.C. § 3161(h)(7)**

The United States of America, by and through its attorneys, hereby requests, pursuant to 18 U.S.C. § 3161(h)(7), an order to exclude the time period between **September 8, 2014,** and including **March 23, 2015,** in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c), and in support thereof submits the following:

1. On July 28, 2014, a federal grand jury in the District of Maryland returned a twenty-nine count Indictment, charging the Defendant with: (1) conspiracy to possess with intent to distribute and to distribute and dispense controlled substances, in violation of 21 U.S.C. § 846 (Count One); (2) distribution of controlled substances, in violation of 21 U.S.C. § 841 (Counts Two through Twenty-Seven); (3) distribution of controlled dangerous substance with death resulting (Count Twenty-Eight); and (4) money laundering, in violation of 18 U.S.C. § 1957 (Count Twenty-Nine). *See* ECF No. 1. The Defendant had his initial appearance on July 30, 2014, at which time he was detained. *See* ECF No. 4.

2. On August 4, 2014, United States Magistrate Judge Jillyn K. Schulze ordered that the Defendant be released on conditions. *See* ECF No.11.

3.      In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

4.      On September 8, 2014, the Defendant filed a motion to suppress evidence, thereby tolling the Speedy Trial Act in accordance with 18 U.S.C. § 3161(h)(1)(D). *See* ECF No. 23. On September 23, 2014, the Court cancelled the scheduled in-chambers status conference and date trial will commence. *See* ECF No. 24. On September 24, 2014, the Defendant, through counsel, filed a letter with the Court requesting that the Court delay setting dates for resolving the pending motions and a trial date. *See* ECF No. 25. The Defendant also acknowledged that the filing of motions tolled the speedy trial clock.

5.      On December 22, 2014, pursuant to the Court's Order on September 26, 2014 and after consultation with defense counsel, the Government filed a written status report stating that both parties needed additional time to review discovery, conduct plea negotiations, and prepare for a motions hearing and trial. *See* ECF No. 27. The written status report also states that both parties agree that the Speedy Trial Act was tolled pursuant to 18 U.S.C. § 3161(h)(7) and that, because of the complex nature of the case, both parties agree that a hearing to resolve the pending motions and the commencement of trial should occur no earlier than January 2016.

6.      Pursuant to the Court's Order on December 23, 2014, the parties are directed to file another written status report no later than March 23, 2015. *See* ECF No. 28.

7.      Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Government submits that this a complex case, involving voluminous discovery, numerous witnesses, and thousands of pages of

documents.  To date, the Government has produced in discovery nearly 7,000 pages of documents, along with audio and video recordings and a report from the government's expert.  In the Defendant's letter to the Court on September 23, 2014, the Defendant requested that the Court delay setting dates to resolve the pending motions and to commence trial and acknowledged that "the discovery [in this case] is voluminous, and defense investigation will be extensive."  *See* ECF No. 25.

8.   On February 13, 2015, the Defendant's appointed counsel from the Office of the Federal Public Defender for the District of Maryland made a motion to strike their appearance and terminate their representation of the Defendant, which the Court granted.  *See* ECF No. 30.  <u>New counsel has not yet been assigned to the Defendant.</u>

9.   Given the pending motions, the complex nature of this case, the voluminous discovery, the Defendant's prior requests to delay setting a trial date to adequately prepare for trial, and the recent withdrawal of the Defendant's counsel from this case, the Government respectfully requests that the Court enter an Order, pursuant to 18 U.S.C. § 3161(h)(1)(D) and (h)(7)(B)(ii), to explicitly exclude the time period between **September 8, 2014** and **March 23, 2015** in computing the time within which trial must commence.  The Government anticipates that on or about March 23, 2015 (after new counsel has been assigned to the Defendant), the parties will be in a position to further advise the Court as to the status of this case.

10.   For the foregoing reasons, the ends of justice will be served by excluding the time period between **September 8, 2014** and **March 23, 2015** in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and the Defendant in a speedy trial.

**WHEREFORE**, the parties request that the Court exclude the time period between **September 8, 2014,** and **March 23, 2015,** under the Speedy Trial Act in conformance with the draft order that is submitted herewith for the convenience of the Court.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney
District of Maryland

By:  _____/s/_____
Arun G. Rao
Daniel C. Gardner
Assistant United States Attorneys
United States Attorney's Office
District of Maryland